UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22635-CV-MARTINEZ
MAGISTRATE JUDGE REID

MARIO DYRELL GODHIGH,

    Petitioner,

v.

LAKE CORRECTIONAL,

    Respondent.

## REPORT RE DISMISSAL FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)

Petitioner has filed a successive *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he has apparently included a civil rights claim. [ECF No. 1, 5]. Petitioner primarily challenges his convictions for burglary and theft in Case No. F14-023894, Eleventh Judicial Circuit of Florida, Miami-Dade County. He also conclusorily alleges that he is in "imminent danger" because he is housed with life inmates and "could get hurt" and, therefore, seeks "emergency release" to "do the rest of [his] time at home." [*Id.* at 5].

As discussed below, the Petition should be dismissed for lack of jurisdiction as successive. Furthermore, to the extent petitioner raises a civil rights claim under 42 U.S.C. § 1983, it should be dismissed as improper in a § 2254 action and because

1

Petitioner has three strikes under 28 U.S.C. § 1915(g) and has failed to pay the required filing fee.

## I. Background

Petitioner previously filed a § 2254 petition challenging said state conviction that was dismissed on the merits. Order, *Godhigh v. State of Florida*, Case No. 17-22236-CV-ALTONAGA (S.D. Fla. Aug. 29, 2018), ECF No. 27. A second § 2254 petition attacking the same conviction was dismissed as successive. Order Adopting Report of Magistrate Judge, *Godhigh v. State of Florida*, Case No. 18-24562-CV-COOKE (S.D. Fla. Apr. 30, 2019), ECF No. 8.[1]

Here, Petitioner asserts conclusory constitutional challenges to the same state conviction. [ECF No. 1 at 1, 7-8, 10-11, 14]. He also makes conclusory allegations that he is in imminent danger of being assaulted by the life inmates with whom he is housed and seeks release on that basis. [*Id.* at 5].

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief. . . , the judge must dismiss the petition . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that

---

[1] The undersigned takes judicial notice of these records. *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it . . . ." (citation omitted)).

appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing R. 4, Rules Governing § 2254 Cases). In reviewing a petition under Rule 4, courts must construe it liberally. *Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before a second or successive [§ 2254 petition] is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive [petition] shall be determined by a three-judge panel of the court of appeals[,]" and may be granted "only if [the court of appeals] determines that the [petition] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *Id.* § 2244(b)(3)(B)-(C). Under § 2244(b), without authorization from the appropriate court of appeals, a "[d]istrict [c]ourt [is] without jurisdiction to entertain" a "'second or successive' petition challenging [the inmate's] custody[.]" *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citation omitted). For instance,

3

"second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citations omitted).

Here, petitioner's previous § 2254 petition was dismissed on the merits and he has not obtained the necessary authorization from the Eleventh Circuit. Furthermore, he attacks the same conviction that he attacked in his prior § 2254 petition. Therefore, the Court lacks jurisdiction over this Petition and it should be dismissed.[2][3]

Petitioner improperly brought his apparent § 1983 claim in this § 2254 proceeding. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."). Alternatively, this claim should be dismissed under § 1915(g) because petitioner, a serial litigator, is a "three striker" who must pay a filing fee when filing a civil rights claim and has

---

[2] The Court will provide Petitioner with a form to apply for such authorization. However, the instant § 2254 Petition clearly appears to be untimely. *See* 28 U.S.C. § 2244(d)(1). Thus, neither a direct transfer to the Eleventh Circuit under 28 U.S.C. § 1631 nor a stay is proper. *See Guenther v. Holt,* 173 F.3d 1328, 1330-31 (11th Cir. 1999).

[3] Because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the court may] not issue a [certificate of appealability]." *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted). Yet no certificate of appealability "is required to appeal the dismissal for lack of jurisdiction of an unauthorized successive habeas petition." *Caison v. Sec'y, Dep't of Corr.*, 766 F. App'x 870, 873 (11th Cir. 2019) (per curiam) (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004)).

failed to do so. *See, e.g.*, *Godhigh v. Apalachee CI*, No. 5:18-CV-214-MCR-GRJ, 2018 WL 5046097, at *1 (N.D. Fla. Sept. 18, 2018), *report and recommendation adopted sub nom. Godhigh v. Barton*, No. 5:18-CV-214-MCR-GRJ, 2018 WL 5045209 (N.D. Fla. Oct. 17, 2018); *see also Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (per curiam) (vague and conclusory allegations of being in imminent danger "do not satisfy the dictates of § 1915(g)").

### III. Recommendations

As discussed above, it is **RECOMMENDED** that the Petition [ECF No. 1] be **DISMISSED** for lack of jurisdiction as successive and that the case be **CLOSED**. It is further recommended that his apparent § 1983 claim be **DISMISSED** as improperly brought in this § 2254 action and/or pursuant to § 1915(g).

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

**SIGNED** this 2nd day of October, 2020

_____
UNITED STATES MAGISTRATE JUDGE

cc: Mario Dyrell Godhigh
M28779
Lake Correctional Institution
Inmate Mail/Parcels
19225 US Highway 27
Clermont, FL 34715
PRO SE

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com